**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY PADUCAH DIVISION**

'08 JUL -7 P2:55

FILED
US DISTRICT COURT
WESTN. DIST. KENTUCKY

| | | |
|---|---|---|
| **TERRY HOFFMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** 5:08CV-110-R |
| | ) | |
| **DAVOL INC., C.R. BARD, INC.** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

**DEFENDANT DAVOL INC.'S AND DEFENDANT C.R. BARD, INC.'S**
**<u>NOTICE OF REMOVAL</u>**

1. Defendant Davol Inc. ("Davol") and Defendant C. R. Bard, Inc. ("Bard") (collectively the "Defendants"), with full reservation of all defenses, objections, and exceptions, including but not limited to service, venue, and statute of limitations, remove the above-captioned action from the Circuit Court in and for Christian County, Kentucky, to the United States District Court for the Western District of Kentucky, Paducah Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As support, Defendants state the following:

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

2. Plaintiff filed a lawsuit against Bard, Davol and the Jennie Stuart Medical Center ("Jennie Stuart") in the Circuit Court in and for Christian County, Kentucky, on or about January 22, 2008.

2. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the District Court embracing the Circuit Court in and for Christian County, Kentucky, where Plaintiffs' Complaint is pending. *See* 28 U.S.C. § 97(b).

3. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within 30 days after the first receipt by Davol or Bard, through service, of the first "other paper" from the case has become removable.

4. On June 30, 2008, Judge John Atkins of the Christian Circuit Court signed an "Agreed Order of Dismissal," entered by the Clerk on July 1, 2008, by which plaintiff voluntarily dismissed his claims against Jennie Stuart with prejudice. A copy of the Order of Dismissal is attached at Exhibit A. As required by 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants are attached as Exibit B.

5. Because the dismissal of the only Kentucky defendant was a voluntary act of the plaintiff, the case is now removable pursuant to 28 U.S.C. § 1441. *Hopkins Erecting Co., Inc. v. Briarwood Apartments of Lexington*, 517 F. Supp. 243 (E.D.Ky. 1981)

6. In accordance with 28 U.S.C. § 1446(d), Defendants are filing a written notice of this removal with the Clerk of Christian County, Kentucky, where Plaintiff's Complaint is pending. A copy of this Notice of Removal and the written notice of same are also being served upon Plaintiff's counsel.

## II. THIS COURT HAS DIVERSITY JURSIDICTION

7. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and there is complete diversity of citizenship between Plaintiff and Bard

and Davol, the only remaining defendants. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

**A. The Parties Properly Joined in This Action are Completely Diverse**

8. Plaintiff is a citizen of the Commonwealth of Kentucky. (*See* Compl. ¶ 1.)

9. Defendant Davol is, and has been at all relevant times, a corporation organized under the laws of the State of Delaware with its principal place of business in Rhode Island. Accordingly, Davol is a citizen of those two states. *See* 28 U.S.C. § 1332(c)(1).

10. Defendant Bard is, and has been at all relevant times, a corporation organized under the laws of New Jersey with its principal place of business in New Jersey. Accordingly, Bard is a citizen of New Jersey. *See* 28 U.S.C. § 1332(c)(1).

**B. The Amount in Controversy Requirement is Satisfied**

11. The amount in controversy has been met. Defendants believe in good faith, as set forth below, that more than $75,000 is actually in controversy, and therefore the amount-in-controversy of 28 U.S.C. § 1332(a) has been met.

12. The amount-in-controversy requirement is met here because the severity of injuries alleged in Plaintiff's Complaint makes it "facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (determining that removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement); *see also Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

13. In fact, a number of other plaintiffs have brought similar product liability actions against Davol and Bard and have pled an amount in controversy greater than $75,000.

*See In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (looking to other cases involving the same product to resolve amount-in-controversy inquiry); *see, e.g., Lord v. Davol Inc. & C.R. Bard, Inc.*, No. 5:07-cv-360-0C-10GRJ (M.D. Fla. filed Sept. 4, 2007) (alleging damages in excess of amount required by 28 U.S.C. § 1332) (Ex. B); *Sanchez v. Davol Inc. & C.R. Bard, Inc.*, No. 07-cv-21928 (S.D. Fla. filed July 27, 2007) (same) (Ex. C); *Staton v. Davol Inc. & C.R. Bard, Inc., et al.*, No. 07-cv-1033-S (N.D. Ala. filed Apr. 18, 2007) (alleging damages of $2 million) (Ex. D).

14. The Sixth Circuit permits removal even though the amount prayed for in the complaint is less than the amount in controversy when the defendant establishes that it is "'more likely than not' that . . . damages would exceed $75,000." *Gafford v. G.E. Co.*, 997 F.2d 150, 158 (6th Cir. 1993); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 873 (6th Cir. 2000). Other federal courts in analogous cases have held that the amount-in-controversy threshold is met because, as here, "the complaint . . . does not preclude recovery in excess of $75,000." *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d at 296.

WHEREFORE, Defendant Davol Inc. and Defendant C.R. Bard, Inc. respectfully remove this action from the Circuit Court in and for Christian County, Kentucky, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Should any question arise as to the propriety of this removal, Defendants respectfully request an opportunity to provide briefing and oral argument.

Date: July 3, 2008

Respectfully submitted,

Daniel N. Thomas
Thomas & Arvin
1209 South Virginia St.
P.O. Box 675
Hopkinsville, KY 42241
Tel: (270) 886-6363

**ATTORNEY FOR DEFENDANTS DAVOL INC. AND C.R. BARD, INC.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by First Class U.S. Mail to: Willard B. Paxton, P.O. Box 478, 327 South Jefferson Street, Princeton, KY 42445 this 3rd day of July, 2008.

Daniel N. Thomas