# EXHIBIT B

Trey Grayson
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718
Phone: (502) 564-3490
Fax: (502) 564-1484

January 24, 2008

C.R. BARD, INC.
730 CENTRAL AVENUE
MURRAY HILL, NJ 07974

RECEIVED
FEB 04 2008
C.R. BARD, INC.
LAW DEPT

FROM: SUMMONS DIVISION
SECRETARY OF STATE

RE: CASE NO: 08-CI-00130

COURT: Circuit Court Clerk
Christian County
Christian County Justice Center
100 Justice Way
Hopkinsville, KY 42240-2368
**Phone: (270) 889-6539**

Legal action has been filed against you in the captioned case. As provided under Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

**(1) Your attorney, or**
**(2) The attorney filing this suit whose name should appear on the last page of the complaint, or**
**(3) The court or administrative agency in which the suit is filed at the clerk's number printed above.**

The Kentucky Secretary of State has NO POWER to make a legal disposition of this case. Your responsive pleadings should be filed with the clerk of the court or agency where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve the pleading under a particular statute or rule and pay for said service.

 Generated: 01/22/2008

AOC-S-105 Sum Code: CI
Rev. 7-99

Commonwealth of Kentucky
Court of Justice
CR 4.02; Cr Official Form 1

COMMONWEALTH OF KENTUCKY — UNITED WE STAND DIVIDED WE FALL

**Civil Summons**

Case Number **08-CI-00130**
Court CI
County CHRISTIAN

*Plantiff*, HOFFMAN, TERRY VS. DAVOL, INC., , ET AL, *Defendant*

C.R. BARD, INC.,
730 CENTRAL AVENUE
MURRAY HILL NJ 07974

RECEIVED
JAN 2 4 2008
SECRETARY OF STATE
COMMONWEALTH OF KY

**The Commonwealth of Kentucky to the above-named Defendant(s):**

**You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with summons. Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days following the day this paper is delivered to you, judgement by default may be taken against you for the relief demanded in the attached complaint.**

**The name(s) and address(es) of the party or parties demanding such relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this summons.**

Circuit/District Clerk, GARY HADDOCK

By Karen Meacham, DC

Date: 01/22/2008

SERVE: SECRETARY OF STATE

**Proof of Service**

[ ] This Summons was served by delivering a true copy and the Complaint (or other initiating document)
To: ____________________

[ ] Not Served because: ____________________

Date: __________, 2______ ____________________
Served by

CI 08-CI-00130
HOFFMAN, TERRY VS. DAVOL, INC., , ET AL

FILED

2008 JAN 22 P 1:2

GARY J. HADDOCK, CLERK
CHRISTIAN CO. CIRCUIT

BY______________D.C.

COMMONWEALTH OF KENTUCKY
CHRISTIAN CIRCUIT COURT
HOPKINSVILLE, KENTUCKY
CIVIL ACTION NO.: 08-CI-00130
Division II

TERRY HOFFMAN PLAINTIFF

V

**COMPLAINT**

DAVOL, INC.,
**Serve:** Kentucky Secretary of State

C.R. BARD, INC.
**Serve:** Kentucky Secretary of State

AND

JENNIE STUART MEDICAL CENTER
**Serve:** Eric Lee
320 West 18th Street
P.O. Box 2400
Hopkinsville, Kentucky 42241 DEFENDANTS

Comes now Terry Hoffman, by Counsel, and for his cause of action states as follows:

1. Plaintiff, TERRY HOFFMAN, is and at all times relevant a citizen of the Commonwealth of Kentucky.

2. The Defendant, DAVOL, INC., is a corporation that is incorporated under the laws of the State of Rhode Island. DAVOL has it's principal place of business in the State of Rhode Island. It manufactures the Composix® Kugel Mesh Patches ("Kugel Patch") at 100 Socksnosset Crossroad, Cranston, Rhode Island. DAVOL has a registered agent in Rhode Island at CT Corporation System, 10 Weybosset St., Providence Rhode Island. DAVOL

focuses its business on products in key surgical specialties, including hernia repair, hemostasis, orthopedics, and laparoscopy.

3. Defendant, C.R. Bard, Inc., is a corporation that is incorporated under the laws of the State of New Jersey. It is the corporate parent/stockholder of DAVOL and participates in the manufacture and distribution of the Kugel Patch. It also manufactures and supplies DAVOL with material that forms part of the Kugel Patch. BARD at all times relevant did substantial and continuous business in the Commonwealth of Kentucky. C.R. Bard, Inc., principal place of business is located at 730 Central Avenue, Murray Hill, New Jersey 07974.

4. Defendant, Jennie Stuart Medical Center, Inc., is a corporation that is incorporated under the laws of the Commonwealth of Kentucky. Jennie Stuart Medical Center, Inc., has it's principal place of business in the Commonwealth of Kentucky. It provides health care services. Jennie Stuart Medical Center, Inc., has a registered agent in Kentucky with Mr. Eric Lee, 320 West 18th Street, P.O. Box 2400, Hopkinsville, Kentucky, 42241-2400.

5. This Court has subject matter and personal jurisdiction over the issues and the parties to this cause of action.

6. Defendant, DAVOL, designed, manufactured and distributed the Composix Kugel Patch, a hernia mesh patch that was inserted in Mr. Hoffman's body.

7. Defendant DAVOL, through its agents, servants and employees, participated in the manufacture and delivery of the Composix Kugel Patch that was inserted into Mr. Hoffman's body.

8. The Defendants submitted their 510k Application to the Federal Drug Administration (hereinafter referred to as the "FDA" on January 22, 2001. Following this 510k Application the Composix Kugel Patch was authorized by the FDA as a Class II medical device.

9. On September 7, 2006, Mr. Hoffman underwent a ventral herniorrhaphy at Jennie Stuart Medical Center, Inc., in Hopkinsville, Kentucky. Mr. Hoffman had a Composix Kugel Patch implanted during this procedure.

10. The Composix Kugel Patch hernia repair product implanted in Mr. Hoffman was designed, manufactured, sold and distributed by DAVOL to be used by surgeons for hernia repair surgeries and was further represented by DAVOL to be appropriate, cost-effective and suitable product for such purpose.

11. An FDA Class I recall issued for problems related to medical devices that are potentially life-threatening or could cause a serious risk to the health of the patients implanted with the devices.

12. On December 22, 2005, DAVOL recalled many sizes of Composix Kugel Patches under a Class I recall notice.

13. The Composix Kugel Patch was recalled due to a faulty "memory recoil ring" that can break under pressure. Indidents of ring migration, intestinal fistulae, bowel perforation and even death have been reported.

14. On March 24, 2006, the initial Class I recall on the Composix Kugel Patch was expanded to include several more sizes of the patch and numerous additional lots of the defective hernia mesh product.

15. On January 10, 2007, the existing recall on the Composix Kugel Patch was again expanded to encompass further production lots of the defective hernia mesh product.

16. Within a few months of having the defective Kugel patch implanted, Mr. Hoffman began suffering extreme abdominal pains for which he sought treatment from his physicians.

17. On February 5, 2007, Mr. Hoffman's physician informed him that he believed Mr. Hoffman to have a second hernia above the one previously repaired.

18. On February 23, 2007, Mr. Hoffman's physician informed him of the recall of the Composix Kugel Patch.

19. On or about August 7, 2007, Mr. Hoffman was readmitted to the hospital and surgery was performed by Dr. Marshall VanMeter. Post operative diagnosis was extensive intra-abdominal adhesions including adhesions between the small bowell and the hernia patch. The Composix Kugel Patch was removed at this time. Dr. VanMeter, after careful evaluation, found the cause for Mr. Hoffman's symptoms was the Kugel Patch. He found that the rim of the patch was broken in several places. Dr. VanMeter, during the procedure, found dense adhesions between the intra-abdominal contents and the patch, plus the recurrence of the previous hernia because of what appeared to be failure at the edge of the Composix Kugel Patch.

20. Mr. Hoffman has suffered and will continue to suffer physical pain and mental anguish.

21. Mr. Hoffman has incurred substantial medical bills and Mr. Hoffman has suffered loss of other monies.

22. DAVOL and BARD withdrew a large number of Composix Kugel Patches as a result of the high complication and failure rate of the product.

23. Upon information and belief DAVOL, and BARD, failed to comply with the FDA application and reporting requirements.

24. Upon information and belief DAVOL and BARD were aware of the high degree of complication and failure rate associated with their Composix Kugel Patch before it was recalled.

25. Upon information and belief, the complications and failures associated with the Composix Kugel Patches are not limited to the sizes which DAVOL and BARD has already recalled.

26. Upon information and belief, DAVOL and BARD were aware of the defect in manufacture and design of the non-recalled Kugel Composix Patch sizes and chose not to issue a recall on all Kugel Composix Patches in the face of the high degree of complication and failure rates.

**COUNT 1**

**NEGLIGENCE**

27. Mr. Hoffman re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

28. Defendants, DAVOL and BARD were negligent to MR. Hoffman in the following respects:

29. DAVOL and BARD at all times mentioned had a duty to properly manufacture, test, inspect, package, label, distribute, market, examine, maintain, supply, provide proper warnings and prepare for use the Composix Kugel Patch.

30. DAVOL and BARD at all times mentioned knew or in the exercise of reasonable care should have known, that the Composix Kugel Patches were of such a nature that they were not properly manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold, supplied, prepared and/or provided with the proper warnings, and were unreasonably likely to injure the Composix Kugel Patch's users.

31. DAVOL and BARD so negligently and carelessly designed, manufactured, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine and supplied the Composix Kugel Patch, that they were dangerous and unsafe for the use and purpose for which it was intended.

32. DAVOL and BARD were aware of the probable consequences of the Composix Kugel Patch. DAVOL and BARD knew or should have known the Composix Kugel Patch would cause serious injury; they failed to disclose the known or knowable risks associated with the Composix Kugel Patch. DAVOL and BARD willfully and deliberately failed to avoid those consequences, and in doing so, DAVOL and BARD acted in conscious disregard of the safety of Mr. Hoffman.

33. Defendants DAVOL and BARD owed a duty to Mr. Hoffman to adequately warn him and him treating physicians, of the risks of breakage, separation, tearing and splitting associated with the Composix Kugel Patch and the resulting harm and risk it would cause patients.

34. Defendants DAVOL and BARD breached their duty by failing to comply with state and federal regulations concerning the study, testing, design, development, manufacture, inspection, production, advertisement, marketing, promotion, distribution, and/or sale of the Composix Kugel Patch.

35. As a direct and proximate result of the duties breached, the Composix Kugel Patch used in Mr. Hoffman's hernia repair surgery failed, resulting in Mr. Hoffman's suffering pain and harm.

36. As a direct and proximate result of DAVOL's and BARD's negligence, Mr. Hoffman has suffered injuries and damages.

37. DAVOL'S and BARD'S conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of other justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

WHEREFORE, Mr. Hoffman requests a judgment against DAVOL and BARD for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

**COUNT II**

**Strict Product Liability**

38. Mr. Hoffman re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

39. Defendants DAVOL and BARD are strictly liable to Mr. Hoffman in the following respects:

40. DAVOL and BARD designed, manufactured, assembled, distributed, conveyed and/or sold the Kugel Patch for hernia repair surgery.

41. The Composix Kugel Patches subject to the Class I recall were defective because they failed to perform safe and effectively for the purpose they were originally designed. Mr. Hoffman's Composix Kugel Patch was a Class I recalled device that failed while in her body causing her to develop serious physical complications which required subsequent, painful and unnecessary removal surgery of his Composix Kugel Patch.

42. At all times mentioned, the Composix Kugel Patch was substantially in the same condition as when it left the possession of DAVOL.

43. The Composix Kugel Patch implanted into Mr. Hoffman's was being used in a manner reasonably anticipated at the time it was implanted in him by his surgeon.

44. The Composix Kugel Patches, like the one found in Mr. Hoffman, at the time they left the possession of DAVOL and BARD were inherently dangerous for their intended use and were unreasonably dangerous products which presented

and constituted an unreasonable risk of danger and injury to Mr. Hoffman as follows:

a. The Composix Kugel Patch was sold in a defective condition by design and manufacture;

b. The Composix Kugel Patch as designed and manufactured was unsafe to Mr. Hoffman;

c. The Composix Kugel Patch as designed and manufactured was unreasonably dangerous to Mr. Hoffman.

d. The Composix Kugel Patch did not perform safely as an ordinary consumer/patient, like Mr. Hoffman, would expect;

e. The Composix Kugel Patch as designed and manufactured was unsafe for its intended use;

f. DAVOL and BARD failed to warn the end user about the dangers and risks of the product;

g. DAVOL and BARD knew the component parts of the Composix Kugel Patch as implemented through design and/or manufacture could cause injury to the end user;

h. Failing to implement an adequate, safe and effective "memory recoil ring" and/or its interaction with the mesh of the Composix Kugel Patch to withstand the foreseeable stresses they would be subject to within the intra-abdominal space;

i. Failing to avoid migration of the Composix Kugel Patch and/or its components from the initial site of the hernia repair surgery.

j. Any other acts or failures to act by DAVOL and BARD regarding the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Composix Kugel Patches for hernia repair surgery as will be learned during discovery.

45. DAVOL's and BARD's conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

WHEREFORE, Mr. Hoffman request a judgment against DAVOL and BARD for damages in a sum as permitted by statute together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

**COUNT III**

**Negligent Infliction of Emotional Distress**

46. Mr. Hoffman re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

47. Defendants, DAVOL and BARD are liable to Mr. Hoffman for the negligent infliction of emotional distress in the following respect.

48. Mr. Hoffman suffered severe emotional distress, which was as a result of Defendant's negligent conduct in studying, designing, developing, testing, inspecting, manufacturing, producing, advertising, marketing promoting, distributing, and/or selling of the Composix Kugel Patch for hernia repair surgery.

49. Mr. Hoffman suffered severe emotional distress, which was a result of DAVOL's and BARD's negligent conduct in failing to adequately and safely design and construct an effective and safe Composix Kugel Patch for hernia repair surgery.

50. Therefore, DAVOL and BARD are liable to Mr. Hoffman.

51. DAVOL's and BARD's conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

WHEREFORE, Mr. Hoffman requests a judgment against DAVOL and BARD for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

**COUNT IV**

**Intentional Infliction of Emotional Distress**

52. Mr. Hoffman re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

53. Defendants DAVOL and BARD are liable to Mr. Hoffman for the intentional infliction of emotional distress in the following respect:

54. Mr. Hoffman suffered severe emotional distress, which was as a result of DAVOL's and BARD's extreme outrageous, intentional, willful, and reckless conduct in studying, designing, developing, testing, inspecting, manufacturing, producing, advertising, marketing, promoting, distributing, and/or sale of the Composix Kugel Patch for hernia repair surgery.

55. Mr. Hoffman suffered severe emotional distress, which wsa as a result of DAVOL's and Bard's extreme outrageous, intentional, willful, and reckless conduct in failing to adequately and safely design and construct and effective and safe Composix Kugel Patch for hernia repair surgery, in complete and reckless disregard of safety to Mr. Hoffman.

56. Therefore DAVOL and BARD are liable to Mr. Hoffman.

57. DAVOL's and BARD's conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying and award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

WHEREFORE, Mr. Hoffman requests a judgment against DAVOL and BARD for damages in a sum to confer jurisdiction upon this Court together with interest on that

amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

**COUNT V**

**Breach of Implied Warranty**

58. Mr. Hoffman re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

59. Defendant's DAVOL and BARD are liable to Mr. Hoffman for their breach of implied warranty in the following respect:

60. DAVOL and BARD sold the Kugel Patch which was implanted in Mr. Hoffman. DAVOL and BARD impliedly warranted to Mr. Hoffman, his physicians and healthcare providers, that the Composix Kugel Patch was of merchantable quality and safe for the use for which they were intended.

61. DAVOL and BARD knew or should have known that the Composix Kugel Patch at the time of sale was intended to be used for the purpose of surgically implanting them into the body for hernia repair.

62. Mr. Hoffman, her physicians and health care providers reasonably relied on DAVOL's and BARD's judgment, indications and statements that the Composix Kugel Patch was fit for such use.

63. When the Composix Kugel Patches was distributed into the stream of commerce and sold by DAVOL and BARD, they were unsafe for their intended use, and not of merchantable quality, as warranted by DAVOL and BARD in that they had a very dangerous propensities when used as intended

and implanted into a patient's body where they could cause serious injury or harm or death to the end user.

64. Mr. Hoffman suffered such injuries and damages as a result of DAVOL and BARD's conduct and actions.

**COUNT VI**

**Failure to Warn**

65. Mr. Hoffman re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

66. In the course of business, DAVOL and BARD designed, manufactured and sold the Composix Kugel Patch to Jennie Stuart Medical Center, Inc., for hernia repair surgeries.

67. At the time of the design, manufacture and sale of the Composix Kugel Patch, and more specifically at the time Mr. Hoffman received the Composix Kugel Patch, they were defective and unreasonably dangerous when put to their intended and reasonably anticipated use. Further the Composix Kugel Patches were not accompanied by proper warnings regarding significant adverse consequences associated with the Composix Kugel Patch.

68. BARD and DAVOL failed to provide any warnings, labels or instructions of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution. The reasonably foreseeable use of the products involved significant dangers not readily obvious to the ordinary user of the products. BARD and DAVOL failed to warn of the known or knowable injuries associated with malfunction of the Composix Kugel Patch,

including but not limited to rupture of the Patch and severe peritonitis and infection which would require subsequent surgical procedures and could result in severe injuries.

69. The dangerous and defective conditions in the Composix Kugel Patches existed at the time they were delivered by the manufacturer to the distributor. At the time Mr. Hoffman had his hernia repair surgery the Composix Kugel Patch was in the condition as when manufactured, distributed and sold.

70. Mr. Hoffman did not know at the time of use of the Composix Kugel Patch, not at any time prior thereto, of the existence of the defects in the Patches.

71. Mr. Hoffman suffered the aforementioned injuries and damages as a direct result of DAVOL and BARD's failure to warn.

72. The conduct of BARD and DAVOL in continuing to market, promote, sell and distribute the Composix Kugel Patch after obtaining knowledge that the products were failing and not performing as represented and intended, showed a complete indifference to or conscious disregard for the safety of others justifying an award in such sum which will serve to deter BARD, DAVOL and others from similar conduct.

WHEREFORE, Mr. Hoffman respectfully requests judgment in his favor and against DAVOL and BARD for such amount that is determined to be fair and reasonable, for such other relief as may be fair and reasonable under the circumstances and for his costs.

**COUNT VII**

73. Mr. Hoffman re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

74. Jennie Stuart Hospital, Inc., did hereby negligently sell to Mr. Hoffman the Composix Kugel Patch which was defective that was inserted in Mr. Hoffman's body.

75. The Composix Kugel Patch was recalled due to a faulty "memory recoil ring" that can break under pressure. Incidents of ring migration, intestinal fistulae, bowel perforation and even death have been reported.

76. On December 22, 2005, DAVOL recalled many sizes of Composix Kugel Patches under a Class I recall notice.

77. On March 24, 2006, the initial Class I recall on the Composix Kugel Patch was expanded to include several more sizes of the patch and numerous additional lots of the defective hernia mesh product.

78. Jennie Stuart Hospital, Inc., did hereby continue to use the recalled patches in hernia repair surgeries.

79. Mr. Hoffman has suffered and will continue to suffer physical pain and mental anguish.

80. Mr. Hoffman has incurred substantial medical bills and Mr. Hoffman has suffered loss of other monies.

81. Upon information and belief Jennie Stuart Hospital, Inc., continued to use the recalled patches in hernia repair surgeries after the recall notice.

82. Upon information and belief Jennie Stuart Hospital, Inc., were aware of the recall of the Composix Kugel Patch at the time of Mr. Hoffman's hernia repair surgery.

83. Upon information and belief Jennie Stuart Hospital, Inc., was aware of the recall of the Composix Kugel Patch and chose to continue use of the Composix Kugel Patch in its hernia repair surgeries.

WHEREFORE, Plaintiff, TERRY HOFFMAN, prays as follows:

1. For judgment as against DAVOL, INC.
2. For judgment as against C.R. Bard, Inc.
3. For judgment as against Jennie Stuart Hospital, Inc.
4. For punitive damages.
5. For compensatory damages.
6. For his costs herein incurred including reasonable attorney fees.
7. For trial by jury.
8. For any and all other relief to which he may be entitled.

Willard B. Paxton
P.O. Box 478
327 South Jefferson Street
Princeton, Kentucky 42445
270-365-6555
270-365-6644 -- FAX

**VERIFICATION**

I hereby certify the statements contained in the foregoing Complaint are true and correct to best of my belief and knowledge.

TERRY HOFFMAN

STATE OF KENTUCKY

COUNTY OF CALDWELL

Subscribed and sworn to me by TERRY HOFFMAN this the 18th day of January, 2008.

My commission expires: 4-29-10

NOTARY PUBLIC

DATE JAN 2 2 2008
COPY ATTEST
GARY J. HADDOCK
CIRCUIT COURT CLERK
CHRISTIAN COUNTY, KY
BY ______ D.C.

ntucky
'BRIDLED SPIRIT™

:Y GRAYSON
TARY OF STATE

P.O. Box 718
Kentucky 40602-0718

GISTER TO VOTE

7007 0710 0004 2874 3482

$ 06.28°
02 1A
0004625345 JAN 25 2008
MAILED FROM ZIP CODE 40601

RECEIVED
FEB 04 2008
C.R. BARD, INC.
LAW DEPT

RETURN RECEIPT REQUESTED

OCALA, FL 34474
C.R. BARD, INC.
730 CENTRAL AVENUE
MURRAY HILL, NJ 07974

Janice Dudzak
Legal