COMMONWEALTH OF KENTUCKY
CHRISTIAN CIRCUIT COURT
HOPKINSVILLE, KENTUCKY

FILED

D.C.

| | | |
|---|---|---|
| TERRY HOFFMAN, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 08-CI-00130 |
| DAVOL INC.; C. R. BARD, INC.; and JENNIE STUARD MEDICAL CENTER, | ) | Division II |
| Defendants. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS DAVOL INC. AND C. R. BARD, INC. TO PLAINTIFF'S COMPLAINT

Defendants Davol Inc. and C.R. Bard, Inc., (collectively "Defendants") by and through counsel, answer the Plaintiff's Complaint (the "Complaint") as follows:

1. Paragraph 1 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

2. The allegations in Paragraph 2 of the Complaint are not directed at Bard; therefore, no response is required. Davol denies that it is incorporated under the laws of Rhode Island. Davol admits that its principal place of business is in Rhode Island. Davol further admits that at various times it manufactured the Composix® Kugel® Hernia Patch. Answering further, Davol admits that it may be served with process at 10 Weybosset Street, Providence, Rhode Island, 02903. Answering further, Davol admits that part of its medical device business focuses on hernia repair prosthetics, including the Composix® Kugel® Hernia Patch.

3. The allegations in Paragraph 3 of the Complaint are not directed at Davol, therefore no response is required. Bard admits that it is organized under the laws of New Jersey with its principal place of business in New Jersey. Answering further, Bard admits that Davol is its subsidiary. Bard does not know the meaning of "substantial and continuous" and therefore denies the allegations, but admits that it has done business in the Commonwealth of Kentucky. Bard denies the remaining allegations.

4. Paragraph 4 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

5. Paragraph 5 of the Complaint states conclusions of law as to which no response is required. To the extent that a response is required, Defendants deny the allegations.

6. The allegations in Paragraph 6 of the Complaint are not directed at Bard, therefore, no response is required. Davol admits at various times it designed, manufactured and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

7. The allegations in Paragraph 7 of the Complaint are not directed at Bard, therefore, no response is required. Davol admits at various times it manufactured and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol does not know what is meant by "delivery" beyond the meaning of "distributed" which has been previously admitted; therefore, Davol denies the

allegation. Davol lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

8. Defendants admit that Davol submitted a 510k Application on October 23, 2000. On January 22, 2001, the federal Food and Drug Administration ("FDA") approved Davol's Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and therefore deny the same.

10. The allegations in Paragraph 10 of the Complaint are not directed at Bard, therefore no response is required. Davol admits that at various times it designed, manufactured, sold and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. The remaining allegations contained in the paragraph are conclusions of law as to which no response is required. To the extent a response is required, Davol lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

11. The allegations in Paragraph 11 of the Complaint are general statements and/or opinions that are not directed at the Defendants. Therefore, no response is required. To the extent a response is required, Defendants admit that the FDA characterizes a Class I recall as representing a reasonable chance that the product will cause serious health problems or death.

12. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

13. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place due to a potential for PET recoil ring breaking. Defendants further admit that Davol has received reports of ring migration, intestinal fistulae, bowel perforation, and death.

14. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

15. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and therefore deny the same.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and therefore deny the same.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and therefore deny the same.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and therefore deny the same.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and therefore deny the same.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and therefore deny the same.

22. Defendants deny the allegations contained in this paragraph.

23. Defendants deny the allegations contained in this paragraph.

24. Defendants deny the allegations contained in this paragraph.

25. Defendants deny the allegations contained in this paragraph.

26. Defendants deny the allegations contained in this paragraph.

**COUNT I**

**Negligence**

27. In response to Paragraph 27 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

28. Paragraph 28 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

29. Paragraph 29 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

30. Paragraph 30 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

31. Paragraph 31 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

32. Paragraph 32 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

33. Paragraph 33 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

34. Paragraph 34 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

35. Paragraph 35 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

36. Paragraph 36 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

37. Paragraph 37 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT II**

**Strict Products Liability**

38. In response to Paragraph 38 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

39. Paragraph 39 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

40. Davol admits that at various times it designed, manufactured, distributed and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol does not know what is meant by "assembled" or "conveyed" beyond the meanings of "manufactured" and "advertised" previously admitted; therefore, Davol denies the allegations. Bard denies the allegations.

41. Paragraph 41 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

42. Paragraph 42 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

43. Paragraph 43 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

44. Paragraph 44 of the Complaint, including subparts (a) through (j), states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph, including subparts (a) through (j).

45. Paragraph 45 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT III**

**Negligent Infliction of Emotional Distress**

46. In response to Paragraph 46 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

47. Paragraph 47 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

48. Paragraph 48 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

49. Paragraph 49 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

50. Paragraph 50 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

51. Paragraph 51 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT IV**

**Intentional Infliction of Emotional Distress**

52. In response to Paragraph 30 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

53. Paragraph 53 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

54. Paragraph 54 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

55. Paragraph 55 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

56. Paragraph 56 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

57. Paragraph 57 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT V**

**Breach of Implied Warranty**

58. In response to Paragraph 58 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

59. Paragraph 59 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

60. Paragraph 60 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

61. Paragraph 61 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

62. Paragraph 62 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation in this paragraph and therefore deny the same.

63. Paragraph 63 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

64. Paragraph 64 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT VI**

**Failure to Warn**

65. In response to Paragraph 65 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

66. Davol admits that at various times it designed, manufactured and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same. Bard denies the allegations.

67. Paragraph 67 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

68. Paragraph 68 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

69. Paragraph 69 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

70. Paragraph 70 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

71. Paragraph 71 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

72. Paragraph 72 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT VII**

73. In response to Paragraph 73 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

74. Paragraph 74 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

75. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place due to a potential for PET recoil ring breaking. Defendants further admit that Davol has received reports of ring migration, intestinal fistulae, bowel perforation, and death.

76. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

77. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

78. Paragraph 78 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

79. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation in this paragraph and therefore deny the same.

80. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation in Paragraph 80 of the Complaint and therefore deny the same.

81. Paragraph 81 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required,

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

82. Paragraph 82 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

83. Paragraph 83 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

**AFFIRMATIVE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. Plaintiff's Complaint should be dismissed for lack of proper venue.

3. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiff's claims against Defendants in whole or in part.

4. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiff's claims against Defendants in whole or in part.

5. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bar Plaintiff's claims against Defendants in whole or in part.

6. Applicable statutes of limitations, statutes of repose, and the doctrine of laches bar Plaintiff's claims in whole or in part.

7. Plaintiff's, or his agents', including his physicians', misuse or abnormal use of the product or failure to follow instructions bar Plaintiff's claims in whole or in part.

8. If Plaintiff used a product sold by Defendants, then Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

9. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

10. If Plaintiff sustained any damages or injuries, which is denied, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiff, including contributory negligence, contributory fault, comparative fault, assumption of the risk, or failure to mitigate damages.

11. If Plaintiff used a product sold by Defendants, Plaintiff used the product for off-label purposes, which bars the Plaintiff's claims.

12. The learned intermediary doctrine bars Plaintiff's claims.

13. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

14. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

15. Plaintiff's claims are preempted, in whole or in part, by applicable federal law.

16. Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of conduct of Plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

17. If Plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of other persons or entities, such diseases, and/or such causes constitute an independent, intervening and sole proximate cause of Plaintiff's alleged injury or damages.

In the alternative, under applicable provisions of statutory or decisional law (including but not limited to Kentucky law), Defendants are entitled to a comparative apportionment of fault, if any, relative to the other Defendants (and Cross-Defendants) and/or third parties. To the extent Defendants' liability exceeds their relative share of responsibility, Defendants are likewise entitled to a judgment against those parties herein for contribution and/or indemnity or a percentage reduction in accordance with the apportionment of their fault or liability or the fault or liability attributable to any other party, any person, or entity, including the Plaintiff and any party, person, or entity who has settled with the Plaintiff. In the alternative, Defendants are entitled to a setoff or dollar-for-dollar credit for any such settlements and any amounts received by Plaintiff from any source whatsoever with respect to the injuries and damages at issue in this suit.

18. Defendants state that if Plaintiff sustained any damages or injuries, which is specifically denied, such damages or injuries were caused by the acts, omissions or fault of Plaintiff or others, for whose conduct these Defendants are not responsible; accordingly, they are entitled to an assessment of the relative degree of fault for all such persons and entities.

19. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiff's own idiosyncratic reactions.

20. Plaintiff failed to mitigate damages, which limits Plaintiff's recovery, if any, in whole or in part.

21. Defendants have no legal relationship or privity with Plaintiff and owe no duty to Plaintiff by which liability could be attributed to them.

22. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiff failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

23. Plaintiff's claims are barred in whole or in part by Plaintiff's own comparative negligence.

24. Plaintiff's recovery, if any, shall be reduced by those payments that Plaintiff received from collateral sources.

25. If Plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

26. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiff may have suffered, if any.

27. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), bars Plaintiff's alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the applicable due process guarantees of the Kentucky Constitution.

28. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the Kentucky Constitution.

29. To the extent Plaintiff's Complaint seeks punitive damages, such claims are barred because Plaintiff has failed to allege conduct warranting the imposition of punitive damages under Kentucky and/or other applicable laws.

30. To the extent Plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

31. Plaintiff's claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than Kentucky.

32. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves their right to amend this Answer to assert such defenses.

WHEREFORE, Defendants Davol Inc. and C.R. Bard, Inc. demand judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering Defendants hereby demand a trial by jury as to all issues.

Respectfully submitted,

John Franklin Rogers, Jr.
Kentucky Bar No. 83106
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
Commerce Center, Suite 1000
211 Commerce Street
Nashville, Tennessee 37201
(615) 726-5600
(615) 726-0464 (Facsimile)

***Attorneys for Davol Inc. and C. R. Bard, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on this 11th day of April, 2008, a true and correct copy of the foregoing has been forwarded, via United States Mail, first-class postage prepaid, to:

William B. Paxton, Esq.
Post Office Box 478
327 South Jefferson Street
Princeton, Kentucky 42445

COMMONWEALTH OF KENTUCKY
CHRISTIAN CIRCUIT COURT
DIVISION II
HOPKINSVILLE, KENTUCKY 42240
CIVIL ACTION NO.: 08-CI-00130

TERRY HOFFMAN, PLAINTIFF,

V

**WITHDRAWAL OF MOTION**

DAVOL, INC.,
C.R. BARD, INC.,
AND
JENNIE STUART MEDICAL CENTER, DEFENDANTS.

Comes now the Plaintiff, Terry Hoffman, by Counsel, and hereby withdraws his Motion for Default Judgment scheduled to be heard April 30, 2008, beginning at 9:00 a.m.

Respectfully submitted,

Willard B. Paxton
P.O. Box 478
327 South Jefferson Street
Princeton, Kentucky 42445
270-365-6555
270-365-6644 – FAX

2008-04-28 21:03 >> BDBCB-Nashville,TN P 2/3

**CERTIFICATE OF SERVICE**

I hereby certify a true and correct copy of the foregoing Withdraw of Motion was served, U.S. mail, postage pre-paid, and by facsimile, this the 29th day of April, 2008, to the following:

(Original)
Christian Circuit Court Clerk
Christian County Judicial Center
100 Justice Way
Hopkinsville, Kentucky 42240

Hon. Charles G. Franklin
Franklin, Gordon & Hobgood
24 Court Street
P.O. Box 547
Madisonville, Kentucky 42431
FAX: 1-270-821-2360

Hon. John Franklin Rogers, Jr.
Baker, Donnelson, Bearman, Caldwell & Berkowitz
Commerce Center, Suite 1000
211 Commerce Street
Nashville, Tennessee 37201
FAX: 1-865-633-7119

Willard B. Paxton

2008-04-28 21:03 >> BDBCB-Nashville,TN P 3/3

COMMONWEALTH OF KENTUCKY
CHRISTIAN CIRCUIT COURT
HOPKINSVILLE, KENTUCKY
CIVIL ACTION NO. 08-CI-00130
DIVISION II

TERRY HOFFMAN PLAINTIFF

VS.

DAVOL, INC.; C. R. BARD, INC.; and
JENNIE STUART MEDICAL CENTER DEFENDANTS

**DEFENDANT, JENNIE STUART MEDICAL CENTER'S MOTION FOR SUMMARY JUDGMENT**

* * * * * * * * * *

Defendant, Jennie Stuart Medical Center, Inc. by counsel, respectfully moves the Court, pursuant to CR 56 , for Summary Judgment as there is no genuine issue as to any material fact and it is entitled to Judgment as a matter of law. As grounds for this motion, this defendant offers the following:

## INTRODUCTION

Terry Hoffman filed this action on or about January 22, 2008, alleging negligence on the part of this defendant. Plaintiff specifically alleges in his Complaint that Jennie Stuart Medical Center negligently sold a defective Kugel patch to Mr. Hoffman, and continued to use recalled patches in hernia surgeries.

This defendant submits that it is entitled to judgment as a matter of law for the reason that the patch utilized in Mr. Hoffman's surgery was not subject to a recall at the time it was utilized at Jennie Stuart Medical Center. As such, there is

no genuine issue as to any material fact.

## FACTS

On September 7, 2006, Terry Hoffman was admitted to Jennie Stuart Medical Center by Dr. John Roark, a surgeon, for a ventral hernia repair. Dr. Roark performed a ventral herniorrhaphy with Kugel patch placement on 09/07/06. The patch utilized was a Composix Kugel Hernia Patch Oval 5.4" x 7.0" 0010202, Lot # 43EPD553 (See portion of Intraoperative Record for Terry Hoffman dated 9/7/2006 attached at Tab A).

Mr. Hoffman was discharged home on the following day – September 8, 2006.

In January of 2007, Composix Kugel patches, with a product code of 00010202, and Lot numbers beginning with 43EPD, were recalled by the defendants, Davol / Bard.

On 08/07/07, Mr. Hoffman was admitted to Jennie Stuart Medical Center for redo repair of the ventral abdominal incisional hernia, and a cholecystectomy. This procedure was performed by Dr. VanMeter on 08/07/07.

**ISSUE: IS THERE ANY GENUINE ISSUE OF MATERIAL FACT, AND ARE THE DEFENDANTS ENTITLED TO JUDGMENT AS A MATTER OF LAW?**

## STANDARD FOR SUMMARY JUDGMENT

Trial courts review motions for summary judgment under the guidelines of *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476 (Ky. 1991),

which basically outlined Kentucky's position in *Paintsville Hospital Company v. Rose*, 683 S.W.2d 255 (Ky. 1985).

> We adhere to the principle that summary judgment is to be cautiously applied and should not be used as a substitute for trial. As declared in *Paintsville Hospital*, it should only be used "to terminate litigation when, as a matter of law, it appears it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor and against the movant." It is vital that we not sever litigants from their right of trial, if they do in fact have valid issues to try, just for the sake of efficiency and expediency. Accordingly, we readopt the mandate announced in Paintsville Hospital as the proper standard for summary judgment in this state as well as applying it to the facts of this case.

(*Steelvest*, at 483)

*Steelvest* does not preclude summary judgment. Courts must still examine the record to determine if any factual issues exist and if so, would such issue be deemed genuine and/or material. Post-*Steelvest*, Kentucky's highest court stated:

> Provided litigants are given an opportunity to present evidence which reveals the existence of disputed material facts, and upon the trial court's determination that there are no such disputed facts, summary judgment is appropriate.

*Hoke v. Cullinan*, 914 S.W.2d 335, 337 (Ky. 1995).

*Steelvest* and *Paintsville* do not indicate that plaintiffs may avoid summary judgment simply by telling the court that it may not be impossible for them to present some evidence warranting a judgment in their favor at trial. Plaintiffs must make some showing to successfully defeat the motion. (*Steelvest*, at 482).

> The inquiry should be whether, from the evidence of record, facts exist which would make it possible for the nonmoving party to

> prevail. In the analysis, the focus should be on what is of record rather than what might be presented at trial.

*Welch v. American Publishing Company of Kentucky*, 3 S.W.3d 724, 730 (Ky. 1999).

In *Neel v. Wagner-Shuck Realty Co.*, 576 S.W.2d 246, 250 (Ky.App. 1978), the Court stated that if a party opposing a summary judgment motion has proof that a genuine fact issue exists, it is such party's duty to tender some proof to the trial court.

In *Hubble v. Johnson*, 841 S.W.2d 169 (Ky. 1992), Kentucky's highest Court stated:

> It has long been recognized that a party opposing a properly supported summary judgment motion cannot defeat that motion without presenting at least some affirmative evidence demonstrating that there is a genuine issue of material fact requiring trial. (citing *Steelvest*)

(*Hubble*, at 717)

**ARGUMENT**

As stated above, plaintiff has specifically alleged that Jennie Stuart Medical Center negligently sold a defective Kugel patch to Mr. Hoffman, and continued to use recalled patches in hernia surgeries.

Ordinarily, in a medical negligence action such as the case at bar, the plaintiffs must establish the negligence through the testimony of an appropriate expert witness. *Harmon v. Rust*, 420 S.W.2d 563 at 564 (Ky. 1967).

However, in the case at bar, the facts show unequivocally that plaintiff's allegations are without merit.

It is well settled in Kentucky's courts that summary judgment may be rendered on the basis of affidavits.

> The affidavits themselves are "proof" sufficient to warrant summary judgment in the absence of countervailing affidavits or the existence of some reason why the opposing party "is presently unable to present by affidavit facts essential to justify his opposition."

*Smith v. Hilliard*, Ky., 408 S.W.2d 440 (1966).

In support of this motion, this defendant submits the Affidavits of Tom Brewer and Dale Hutchison, employees of Jennie Stuart Medical Center.

Tom Brewer is employed as Director of Materials Management for Jennie Stuart Medical Center (See Affidavit attached at Tab B), and Dale Hutchison is Surgery Materials Manager for Jennie Stuart Medical Center (See Affidavit attached at Tab C).

As set out in Affidavits of Mr. Brewer and Ms. Hutchison, Jennie Stuart Medical Center received three (3) recall notices from Davol / CR Bard regarding the Composix Kugel Patch: December, 2005; March, 2006; and January, 2007. (Copies of these recall notices are attached to the Affidavits of Mr. Brewer and Ms. Hutchison – see Tab B and Tab C.)

The recall notice in December, 2005 was for the Composix Kugel Patch with product codes 0010206, 0010207 and 0010208. All of these product codes

are different than the product code utilized in Mr. Hoffman's surgery (different product).

The March, 2006 recall notice included product code 0010202 (which is a similar product); however, this recall did not include the lot number (43EPD553) of the patch utilized in Mr. Hoffman's surgery.

The patch utilized in Mr. Hoffman's surgery was recalled in the notice of January, 2007; this recall included the product code (0010202) and lot numbers beginning with "43EPD." This was the first recall of this product code **and** lot number.

Mr. Hoffman's surgical procedure, which included the Davol / Bard patch, took place on September 7, 2006. The recall of the patch utilized in his surgery was in January, 2007 – approximately four months later. There is no evidence to the contrary.

The plaintiff's averments in his Complaint as they relate to this defendant can not be established as the recall of the product code and lot number of the patch utilized did not occur until four months **after** the plaintiff's surgery.

For the reasons stated above, this defendant, Jennie Stuart Medical Center, respectfully submits that there are no genuine issues as to any material fact and it is entitled to a Summary Judgment as a matter of law on all issues pursuant to CR 56.

This the 29th day of May, 2008.

Respectfully submitted,

Charles G. Franklin
FRANKLIN, GORDON & HOBGOOD
24 Court Street
P. O. Box 547
Madisonville, KY 42431
270-821-7252
*Attorneys for defendant, Jennie Stuart Medical Center, Inc.*

**NOTICE**

Please take notice that the foregoing Motion has been scheduled for hearing before the Honorable John L. Atkins, Judge, Christian Circuit Court, Division II, Christian County Justice Center, 100 Justice Way, Hopkinsville, Kentucky, on **Wednesday, the 25th day of June, 2008, at 11:00 a.m.,** or as soon thereafter as counsel may be heard.

Charles G. Franklin

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing was this day served upon the following by postage prepaid mail:

1) Willard B. Paxton, Esq.
P. O. Box 478
327 South Jefferson Street
Princeton, KY 42445

2) Daniel N. Thomas, Esq.
THOMAS & ARVIN
1209 S. Virginia Street
P. O. Box 675
Hopkinsville, KY 42241-0675

On this the 29th day of May, 2008.

Charles G. Franklin

Jennie Stua[rt] MEDICAL CENTER

*Close to heart... Close to home.*

JENNIE STUART MEDICAL CENTER
320 West 18th Street
opkinsville, Kentucky 42241-2400
INTRAOPERATIVE RECORD

SURGEON : ROARK, JOHN CASE# : 83600
DATE : 9/7/2006 OR# : ROOM 8
PATIENT : HOFFMAN, TERRY
DOB : [redacted] AGE : [redacted] SEX : M
ADM# : 16656522 MEDREC# : [redacted]

## SPECIMENS

--No Specimens were documented--

## COUNTS

| Proc# | Count Type | Event | Correct | Personnel | Signature |
|---|---|---|---|---|---|
| | ALL COUNTS | BASELINE | CORRECT | HAHN (RN), SHEILA<br>APONTE, (ST) PRISCILLA | [signature]<br>[signature] |
| | ALL COUNTS | FIRST | CORRECT | HAHN (RN), SHEILA<br>APONTE, (ST) PRISCILLA | [signature]<br>[signature] |
| | SPONGES AND SHARPS | FINAL | CORRECT | HAHN (RN), SHEILA<br>APONTE, (ST) PRISCILLA | [signature]<br>[signature] |

## IMPLANTS / EXPLANTS

| Qty | Item Description | MFG | Model Lot/Load # | Serial Number | Site |
|---|---|---|---|---|---|
| 1 | COMPOSIX KUGEL HERNIA PATCH OVAL 5.4" X 7.0" 0010202 | DAVOL-CR.BARD | 43EPD553 | | ABDOMEN |

## GENERAL EVENTS-COMMENTS

| Jc # | Event Type | Times |
|---|---|---|
| | PRE ALRT<br>ALLERGY<br>Comments: NKDA | |
| | CHRT CHK-Y<br>CONSENT-Y<br>H-P CHK-Y<br>ID CHK-Y<br>NPO STATUS - Y<br>VER-AGREE-PROC<br>VER-CORRECT-POS<br>VER-CORRECT-PT<br>VER-CORRECT-SIDESITE<br>VER-IMP-SP-EQ-AVAIL<br>VER-INSTRUMENTS-STER | 7:47 |

## CASE COMMENTS

12