**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF KENTUCY**
**PADUCAH DIVISION**

'08 JUL -7 P2:59

FILED
US DISTRICT COURT CLERK
WEST'N. DIST. KENTUCKY

| | | |
|---|---|---|
| **TERRY HOFFMAN,** **Plaintiff,** | ) | |
| vs. | ) | **Civil Action No.:** 5:08CV-110-R |
| **DAVOL INC. AND C.R. BARD, INC.,** **Defendants.** | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS DAVOL INC. AND C.R. BARD, INC.**

Defendants Davol Inc. and C.R. Bard, Inc., (collectively "Defendants") by and through counsel, answer the Plaintiff's Complaint (the "Complaint") as follows:

1. Paragraph 1 of the Complaint contains allegations regarding parties other than Defendants and no response is required. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

2. The allegations in Paragraph 2 of the Complaint are not directed at Bard; therefore, no response is required. Davol denies the allegations as phrased. Davol admits that it is incorporated in Delaware with its principal place of business at 100 Socksnosset Crossroad, Cranston, Rhode Island. Davol further admits that at various times it manufactured the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Answering further, Davol admits that it may be served with process at 10 Weybosset Street, Providence, Rhode Island 02903. Answering further, Davol admits that part of its medical device business focuses on hernia repair prosthetics, including the Composix® Kugel® Hernia Patch.

3. The allegations in Paragraph 3 of the Complaint are not directed at Davol, therefore no response is required. Bard admits that it is organized under the laws of New Jersey with its principal place of business in New Jersey. Answering further, Bard admits that Davol is its subsidiary. Bard does not know the meaning of "substantial and continuous" and therefore denies the allegations, but admits that it has done business in the Commonwealth of Kentucky. Bard denies the remaining allegations.

4. Paragraph 4 of the Complaint states conclusions of law and no response is required. To the extent that a response is required, Defendants deny the allegations.

5. The allegations in Paragraph 5 of the Complaint are not directed at Bard, therefore, no response is required. Davol admits at various times it designed, manufactured and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

6. The allegations in Paragraph 6 of the Complaint are not directed at Bard, therefore, no response is required. Davol admits at various times it manufactured and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

7. The allegations in Paragraph 7 of the Complaint are not directed at Bard, therefore, no response is required. Davol admits at various times it manufactured and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in

accordance with its accompanying labeling information. Davol does not know what is meant by "delivery" beyond the meaning of "distributed" previously admitted and accordingly denies the allegation. Davol lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

8. Defendants admit that Davol submitted a 510k Application on October 23, 2000. On January 22, 2001, the federal Food and Drug Administration ("FDA") approved Davol's Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and therefore deny the same.

10. The allegations in Paragraph 10 of the Complaint are not directed at Bard, therefore no response is required. Davol admits that at various times it designed, manufactured, sold and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. The remaining allegations contained in the paragraph are conclusions of law and no response is required. To the extent a response is required, Davol lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

11. The allegations in Paragraph 10 of the Complaint are general statements and/or opinions that are not directed at the Defendants. Therefore, no response is required. To the extent a response is required, Defendants admit that the FDA

characterizes a Class I recall as representing a reasonable chance that the product will cause serious health problems or death.

12. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

13. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place due to a potential for PET recoil ring breaking. Defendants further admit that Davol has received reports of ring migration, intestinal fistulae, bowel perforation, and death.

14. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

15. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and therefore deny the same.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and therefore deny the same.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and therefore deny the same.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and therefore deny the same.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and therefore deny the same.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and therefore deny the same.

22. Defendants deny the allegations contained in this paragraph.

23. Defendants deny the allegations contained in this paragraph.

24. Defendants deny the allegations contained in this paragraph.

25. Defendants deny the allegations contained in this paragraph.

26. Defendants deny the allegations contained in this paragraph.

**COUNT I**

**Negligence**

27. In response to Paragraph 27 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

28. Paragraph 28 of the Complaint states conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

29. Paragraph 29 of the Complaint states conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

30. Paragraph 30 of the Complaint states conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

31. Paragraph 31 of the Complaint states conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

32. Paragraph 32 of the Complaint states conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

33. Paragraph 33 of the Complaint states conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

34. Paragraph 34 of the Complaint states conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

35. Paragraph 35 of the Complaint states conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

36. Paragraph 36 of the Complaint states conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

37. Paragraph 37 of the Complaint states conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

## COUNT II

## Strict Products Liability

38. In response to Paragraph 38 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

39. Paragraph 39 of the Complaint states conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

40. Davol admits that at various times it designed, manufactured, distributed and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol does not know what is meant by "assembled" or "conveyed" beyond the meanings of "manufactured" and "advertised" previously admitted and accordingly denies the allegations. Bard denies the allegations.

41. Paragraph 41 of the Complaint states conclusions of law and no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

42. Paragraph 42 of the Complaint states conclusions of law and no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

43. Paragraph 43 of the Complaint states conclusions of law and no response is required. To the extent a response is required, Defendants lack knowledge or

information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

44. Paragraph 44 of the Complaint, including its subparts (a) through (j), states conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

45. Paragraph 45 of the Complaint states conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

## COUNT III

## Negligent Infliction of Emotional Distress

46. In response to Paragraph 46 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

47. Paragraph 47 of the Complaint states conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

48. Paragraph 48 of the Complaint states conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

49. Paragraph 49 of the Complaint states conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

50. Paragraph 50 of the Complaint states conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

51. Paragraph 50 of the Complaint states conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

## COUNT IV

## Intentional Infliction of Emotional Distress

52. In response to Paragraph 52 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

53. Paragraph 53 of the Complaint states conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

54. Paragraph 54 of the Complaint states conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

55. Paragraph 55 of the Complaint states conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

56. Paragraph 56 of the Complaint states conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

57. Paragraph 57 of the Complaint states conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT V**

**Breach of Implied Warranty**

58. In response to Paragraph 58 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

59. Paragraph 59 of the Complaint states conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

60. Paragraph 60 of the Complaint states conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

61. Paragraph 61 of the Complaint states conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

62. Paragraph 62 of the Complaint states conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

63. Paragraph 63 of the Complaint states conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

64. Paragraph 64 of the Complaint states conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT VI**

**Failure to Warn**

65. In response to Paragraph 65 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

66. Davol admits that at various times it designed, manufactured and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same. Bard denies the allegations.

67. Paragraph 67 of the Complaint states conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

68. Paragraph 68 of the Complaint states conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

69. Paragraph 69 of the Complaint states conclusions of law and no response is required. To the extent a response is required, Defendants lack knowledge or

information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

70. Paragraph 70 of the Complaint states conclusions of law and no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

71. Paragraph 71 of the Complaint states conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

72. Paragraph 72 of the Complaint states conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

## COUNT VII

73-83. The allegations in these paragraphs are not directed at either Bard or Davol, and therefore no response is required. Presumably, these allegations have also be vitiated by the dismissal of the Jennie Stuart Medical Center, are therefore no longer viable.

## AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. Plaintiff's Complaint should be dismissed for lack of proper venue.

3. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiff's claims against Defendants in whole or in part.

4. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiff's claims against Defendants in whole or in part.

5. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bar Plaintiff's claims against Defendants in whole or in part.

6. Applicable statutes of limitations, statutes of repose, and the doctrine of laches bar Plaintiff's claims in whole or in part.

7. Plaintiff's, or his agents', including his physicians', misuse or abnormal use of the product or failure to follow instructions bar Plaintiff's claims in whole or in part.

8. If Plaintiff used a product sold by Defendants, then Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

9. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

10. If Plaintiff sustained any damages or injuries, which is denied, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiff, including contributory negligence, contributory fault, comparative fault, assumption of the risk, or failure to mitigate damages.

11. If Plaintiff used a product sold by Defendants, Plaintiff used the product for off-label purposes, which bars the Plaintiff's claims.

12. The learned intermediary doctrine bars Plaintiff's claims.

13. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings,

information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

14. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

15. Plaintiff's claims are preempted, in whole or in part, by applicable federal law.

16. Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of conduct of Plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

17. If Plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of other persons or entities, such diseases, and/or such causes constitute an independent, intervening and sole proximate cause of Plaintiff's alleged injury or damages.

In the alternative, under applicable provisions of statutory or decisional law (including but not limited to Kentucky law), Defendants are entitled to a comparative apportionment of fault, if any, relative to the other Defendants (and Cross-Defendants) and/or third parties. To the extent Defendants' liability exceeds their relative share of

responsibility, Defendants are likewise entitled to a judgment against those parties herein for contribution and/or indemnity or a percentage reduction in accordance with the apportionment of their fault or liability or the fault or liability attributable to any other party, any person, or entity, including the Plaintiff and any party, person, or entity who has settled with the Plaintiff. In the alternative, Defendants are entitled to a setoff or dollar-for-dollar credit for any such settlements and any amounts received by Plaintiff from any source whatsoever with respect to the injuries and damages at issue in this suit.

18. Defendants state that if Plaintiff sustained any damages or injuries, which is specifically denied, such damages or injuries were caused by the acts, omissions or fault of Plaintiff or others, for whose conduct these Defendants are not responsible; accordingly, they are entitled to an assessment of the relative degree of fault for all such persons and entities.

19. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiff's own idiosyncratic reactions.

20. Plaintiff failed to mitigate damages, which limits Plaintiff's recovery, if any, in whole or in part.

21. Defendants have no legal relationship or privity with Plaintiff and owe no duty to Plaintiff by which liability could be attributed to them.

22. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiff failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed

any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

23. Plaintiff's claims are barred in whole or in part by Plaintiff's own comparative negligence.

24. Plaintiff's recovery, if any, shall be reduced by those payments that Plaintiff received from collateral sources.

25. If Plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

26. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiff may have suffered, if any.

27. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003), bars Plaintiff's alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the applicable due process guarantees of the Kentucky Constitution.

28. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated

defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the Kentucky Constitution.

29. To the extent Plaintiff's Complaint seeks punitive damages, such claims are barred because Plaintiff has failed to allege conduct warranting the imposition of punitive damages under Kentucky and/or other applicable laws.

30. To the extent Plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

31. Plaintiff's claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than Kentucky.

32. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves their right to amend this Answer to assert such defenses.

WHEREFORE, Defendants Davol Inc. and C.R. Bard, Inc. demand judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering Defendants hereby demand a trial by jury as to all issues.

Dated: July 3rd, 2008

Respectfully submitted,

Daniel N. Thomas
THOMAS & ARVIN
1209 South Virginia Street
P.O. Box 675
Hopkinsville, KY 42241-0675
Phone: (270) 886-6363
Fax: (270) 886-8544
Email: dthomas@thomasandarvin.com

Attorneys for Defendants
C.R. BARD, INC. and DAVOL INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 3rd, 2008, a copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS DAVOL INC. AND C.R. BARD, INC. was served upon counsel of record for plaintiff in the manner indicated below:

Willard B. Paxton
P.O. Box 478
327 South Jefferson Street
Princeton, KY 42445
(*via first-class, postage prepaid, mail*)

Daniel N. Thomas